**JAMES E. HARPER, ESQ.**
Nevada Bar No.: 9822
**TAYLOR G. SELIM, ESQ.**
Nevada Bar No.: 12091
**HARPER LAW GROUP**
1707 Village Center Circle, Suite 140
Las Vegas, Nevada 89134
Ph.:   (702) 948-9240
Fax:   (702) 778-6600
E-Mail:   eservice@harperlawlv.com
*Attorney for Defendant*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL BUONO,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation; DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive jointly and severally,<br><br>            Defendants. | CASE NO.:  2:16-cv-00425-JCM-GWF<br><br>**STIPULATION AND ORDER FOR DISMISSAL WITH PREJUDICE AND AGREEMENT FOR PRIVATE BINDING ARBITRATION** |

   This Stipulation and Order of Dismissal With Prejudice and Agreement for Private and Binding Arbitration (hereinafter "Agreement") is entered into by Plaintiff, MICHAEL BUONO ("Plaintiff"), and Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), (collectively referred to as the "Parties"), as an alternative method of resolving a dispute that has allegedly arisen from a January 17, 2012 automobile accident wherein Plaintiff was injured in an automobile accident which culminated in a lawsuit styled *Michael Buono v. State Farm Mutual Automobile Insurance Company*. Plaintiff is represented by RICHARD HARRIS LAW FIRM. State Farm is represented by HARPER LAW GROUP.

   The following terms and conditions of this Agreement will become effective upon the signature by the Parties and the execution and filing of the same by this Court.

1

1.	State Farm issued a policy of automobile insurance to Plaintiff, Policy No. 0503-420-28A, which provides, among other coverages, uninsured motorist ("UIM") coverage, subject to all terms, conditions, limitations of the policy and any applicable offsets. The Policy carries UIM limits of $100,000 each person, $300,000 each accident.

2.	In an effort to resolve all disputes and controversies between the Parties arising out of and relating to the subject automobile accident and subsequent claims handling, the Parties have agreed to place this matter into private binding arbitration, with all damages capped against State Farm at $100,000, which is the amount available under the above mentioned State Farm policy's "each person" UIM policy limits after all applicable offsets.

3.	For and in consideration of the mutual covenants and promises made herein, the Parties enter into this Agreement and agree to be bound by its terms as fully stated herein.

4.	The Parties agree that the arbitration shall be binding and shall be the sole and final resolution and adjudication of all of Plaintiff's claims against State Farm, which in any way arise out of or relate to the January 17, 2012, accident, and subsequent claims handling or decision making. This clause and mutual promise is of the essence to this Agreement. The arbitrator's decision and award shall be the sole basis for recovery on these claims and shall be final and binding. The Parties agree that there shall be no right of appeal of the arbitrator's decision to any trial court, court of appeals, the Nevada Supreme Court, Ninth Circuit, or to any other court, forum, person or entity, or the arbitrator himself. Likewise, the Parties agree that there shall be no right to submit a Motion for Reconsideration or similar or equivalent motion or request to the arbitrator.

5.	The arbitrator shall not be informed concerning the "range of award" (discussed below) that the Parties have agreed upon. The arbitrator will only be asked to resolve the issue of Plaintiff's legal entitlement, if any, to UIM proceeds, subject to all terms, conditions, and offsets under the policies and law. In other words, the arbitrator shall determine fault for the accident (and apportion it appropriately, if necessary), and the extent of Plaintiff's damages by placing a fair and equitable total value (which includes medical specials, income loss, other special damages, and

general damages) on the Plaintiff's claim, and the application of any of the policy's terms, offsets, conditions and exclusions, if applicable. The arbitrator will not be asked to and will not consider any alleged claims handling/decision-making issues or liability for extra-contractual claims, including, but not limited to, breach of the implied covenant of good faith and fair dealing, statutory claims handling violations, or liability for punitive or other extra-contractual damages, as such extra-contractual claims and damages, have previously been dismissed with prejudice.

6.  The Parties have agreed to use James G. Armstrong, Esq. as the arbitrator of this case.

7.  Plaintiff, through this Agreement, agrees to dismiss his present lawsuit with prejudice that is currently on file in the United States District Court, Case No. 2:16-cv-00425-JCM-GWF with each party to bear its own fees and costs.

8.  The Parties shall advise the arbitrator of the agreement for binding arbitration and proceed in a manner that is agreeable to the Parties and to the arbitrator. The Parties shall be allowed to conduct any reasonable discovery permitted under the Nevada Rules of Civil Procedure. The arbitrator shall resolve any and all discovery disputes, including the scope of permitted discovery. Subpoenas can be issued and enforced pursuant to FRCP 45 and NRS 38.233. Arbitration briefs and exhibits are to be submitted in accordance with the instructions and desires of the arbitrator.

9.  The arbitration hearing will be held at a mutually agreed upon date within 120 days of the execution of this Order.

10. The arbitrator shall be given discretion to conduct the arbitration hearing in an informal and expeditious manner allowing for such testimony or evidence as is needed to reach a decision. The parties may submit and the arbitrator may consider any and all disclosed medical records and written expert reports in lieu of live expert testimony.

11. Regarding the Plaintiff's contractual UIM claim against State Farm, the "range of award" herein shall be set at a $0.00 "low" and capped at a $100,000 "high." The "high" derives from the potential payment of the UIM policy limits after all potential offsets. In this case, State

Farm is entitled to a $105,000 offset, which amount derives from the $100,000 bodily injury limit of the tortfeasor, and $5,000 Medical Payments Coverage paid to Plaintiff under his State Farm policy.

12. The only manner in which State Farm would be obligated to pay any additional UIM money is if the arbitrator concludes that the total value of Plaintiff's claim exceeds $105,000. By way of example, if the arbitrator were to conclude that the total value of Plaintiff's claim was $75,000, then State Farm would not be required to pay any UIM benefits. By way of a second example, if the arbitrator were to conclude that the total value of Plaintiff's claim was $125,000, then State Farm would be obligated to pay $20,000 in UIM benefits.

13. The maximum that State Farm would ever be required to pay Plaintiff under this Agreement is $100,000, which is the sum of the remaining amount under Plaintiff's UIM "each person" policy limit. By way of example, if the arbitrator were to conclude that the total value of Plaintiff's claim was $220,000, then State Farm would only be obligated to pay Plaintiff the "high" of the range of award, which is $100,000 in UIM benefits. State Farm would not be required to pay any amount that exceeds $100,000, and in such a circumstance, the excess award beyond the applicable offsets and the "high" against State Farm would automatically be reduced to $100,000.

14. The arbitrator shall not be permitted to make an award of attorney fees, legal costs, or interest to any party. An Offer of Judgment will have no effect.

15. Payments of the sum awarded, as limited by the parameters set forth herein, shall be timely made after service of the arbitrator's decision.

16. The Parties agree to equally share and pay for the arbitrator's fees and costs.

17. This Agreement is binding on the Parties, their heirs, executors, administrators, personal representatives, legal representatives, and other such persons or entities.

///

18. The terms and conditions of this agreement may be modified upon the written and mutual agreement of the parties.

Dated this 4 day of November 2016.           Dated this 4th day of November 2016.

**RICHARD HARRIS LAW FIRM**                  **HARPER LAW GROUP**

_____                  _____
BRYAN A. BOYACK                              JAMES E. HARPER
Nevada Bar No. 9980                          Nevada Bar No. 9822
801 South Fourth Street                      1707 Village Center Circle, Suite 140
Las Vegas, NV 89101                          Las Vegas, NV 89134
*Attorneys for Plaintiff*                    *Attorneys for Defendant*

## **ORDER**

IT IS SO ORDERED.

Dated: November 9, 2016.

_____
UNITED STATES DISTRICT COURT JUDGE